# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JEREMIAH JOHN WORM,<br><br>                     Plaintiff,<br>vs.<br><br>SONJA J. PETERSON,<br><br>                     Defendant. | CV-16-30-GF-BMM<br><br>**ORDER** |

      Plaintiff Jeremiah John Worm (Worm) is a prisoner at the Montana State Prison in Deer Lodge, Montana. He is proceeding pro se. Worm filed a document entitled "Notice of Appeal" on April 6, 2016. (Doc. 2). He seeks to appeal the final disposition of the Montana Supreme Court in *Worm v. Peterson*, 353 P.3d 507 (Table) (Mont. 2015).

      United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter on April 18, 2016. (Doc. 3). Judge Johnston recommended that this action be dismissed with prejudice because this Court lacked jurisdiction to hear the appeal. (Doc. 3 at 4). Judge Johnston determined that the appeal was barred by the *Rooker-Feldman* doctrine. Worm filed objections to Judge Johnston's Findings and Recommendations on May 9, 2016. (Doc. 5).

The Court reviews de novo Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

The *Rooker-Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A defacto appeal exists when a federal plaintiff seeks relief from a state court judgment based on an alleged legal error by the state court. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). When "a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian*, 359 F.3d at 1139.

Worm sued his former girlfriend in 2008 in the Montana Tenth Judicial District Court to recover damages he allegedly sustained when she assaulted him. *See* Worm *v. Peterson*, 353 P.3d at 507. The state district court dismissed the lawsuit under M. R. Civ. P. 16(f) because Worm failed to comply with the

requirements of the court's final pretrial order. *Id*. Worm appealed. The Montana Supreme Court affirmed the district court's ruling. *Id*. Worm then filed a petition for writ of certiorari in the Supreme Court of the United States. The Supreme Court denied the petition. *Worm v. Peterson*, ___ U.S. ___, 136 S. Ct. 699 (2015).

Worm has requested that this Court reject and reverse the decision of the Montana Supreme Court. Worm contends that the Montana Supreme Court committed legal error when it affirmed the district court's ruling, because the district court had acted improperly when it dismissed his lawsuit without addressing the merits of his claims. The present action constitutes a de facto appeal of the final disposition of a state court. Dismissal of this action is appropriate under the *Rooker-Feldman* doctrine.

Accordingly, IT IS ORDERED:

1. This matter is DISMISSED with prejudice for lack of subject matter jurisdiction.

2. The Clerk is directed to enter judgment accordingly.

DATED this 16th day of May, 2016.

Brian Morris
United States District Court Judge